# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE ERNESTO MEDELLÍN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  H-06-3688 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Jose Ernesto Medellín seeks a federal writ of habeas corpus.  (Docket Entry No. 1).  The State of Texas plans to execute Medellín on August 5, 2008.  The Court previously stayed and closed these proceedings during the pendency of Supreme Court review on the issue Medellín raises in his federal petition.  As the Supreme Court has issued a decision, the Court will reopen these proceedings for the limited purpose of determining the viability of Medellín's instant federal petition.  For the reasons discussed below, the Court finds that Medellín's petition must be dismissed as an abuse of the writ.

## BACKGROUND

The Court will briefly address the entangled procedural background that led to Medellín's instant federal action.  This Court has already once considered, and denied, a federal habeas petition filed by Medellín.  (*Medellín v. Dretke*, H:01-cv-4078).  In his initial petition, Medellín, who is a citizen of Mexico, argued that the State of Texas failed to inform him of his right to consular assistance under the Vienna Convention on Consular Relations ("Vienna Convention"), Apr. 24, 1963, [1970] 21 U.S.T. 77, T.I.A.S. No. 6820.  Because he procedurally defaulted this issue in state

court, this Court found that a procedural bar prevented federal consideration of Medellín's Vienna Convention claim.  The Court also found that no prejudice flowed from the alleged Vienna Convention violation.

While Medellín's request for a Certificate of Appealability ("COA") was pending in the Fifth Circuit, the International Court of Justice ("ICJ") issued a decision ordering the United States to review and reconsider the conviction of 51 Mexican nationals on death row, including Medellín. *See* Case Concerning Avena and Other Mexican Nationals ( Mex.v.U.S.), 2004 I.C.J. 12 (Judgment of Mar. 31) ("*Avena*").  The Fifth Circuit considered the effect of the ICJ's *Avena* judgment, but nonetheless refused to issue a COA.  *See Medellín v. Dretke*, 371 F.3d 270, 281 (5th Cir. 2004).  The Fifth Circuit specifically held that the Vienna Convention did not create individually enforceable rights and that, in any event, federal precedent subjected such claims to the traditional rules of procedural default.

The Supreme Court granted a writ of certiorari.  During the pendency of Supreme Court review, however, President George W. Bush issued a Memorandum to the United States Attorney General directing the state courts to give effect to the *Avena* decision ("Presidential memorandum"). The Supreme Court dismissed certiorari as improvidently granted.  *See Medellín v. Dretke*, 544 U.S. 660, 661 (2005).  Medellín then filed a state habeas action to avail himself of the *Avena* judgment. The Court of Criminal Appeals dismissed that action as an abuse of the writ, finding that neither the *Avena* judgment nor the President's memorandum supplanted state procedural law.  *See Ex parte Medellín*, 223 S.W.3d 315, 322-23 (Tex. Crim. App. 2006).  Medellín immediately filed a petition for a writ of certiorari to challenge Texas' dismissal before the United States Supreme Court.

While seeking certiorari review from his successive state proceedings, Medellín filed the

instant federal habeas petition in this Court.  Medellín's petition raised a single ground for relief: "The Texas Courts are Required to Provide Mr. Medellín Review and Reconsideration as Mandated by the President's Determination and the *Avena* Judgment."  (Docket Entry No. 1 at 19).  The substance of his argument, however, assumed that this Court would have the authority to analyze whether the State of Texas violated his Vienna Convention rights in a manner that prejudiced him. Medellín sought the following relief: "Mr. Medellín prays that this Court grant a writ of habeas corpus vacating his conviction and death sentence and discharging him from confinement, unless the Texas state courts review and reconsider his conviction and sentence as required by the Avena judgment and the President's determination[.]"  (Docket Entry No. 1 at 32).  Medellín apparently filed his petition fearing that the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period would otherwise preclude federal review.

Respondent filed a motion to transfer this case to the Fifth Circuit.  (Docket Entry No. 8). Respondent argued that this Court lacked jurisdiction to consider Medellín's petition because he had already presented his Vienna Convention claim on direct appeal.  When the Supreme Court granted certiorari review from Medellín's successive state habeas action, this Court stayed the instant proceedings until the Supreme Court issued a decision.  (Docket Entry No. 14).

On March 25, 2008, the Supreme Court affirmed the Court of Criminal Appeals' judgment, finding that: (1) the ICJ judgment in *Avena* did not constitute "binding federal law" that would preempt Texas' abuse-of-the-writ limitations; and (2) that the President lacked authority to make the *Avena* judgment binding on the state courts.  *See Medellín v. Texas*, ___ U.S. ___, 128 S. Ct. 1346 (2008).

Medellín has filed a motion to reopen and to extend the stay of his case.  (Docket Entry No.

3

15).  Medellín focuses on language in the Supreme Court's most recent consideration of his case to ask for "the stay of the proceedings pending the enforcement of the *Avena* judgment[.]"  Medellín alleges that various political discussions, both in the United States and Mexico, involve giving effect to the *Avena* judgment through legislation.  Medellín has also filed a copy of letter from United States Attorney General Michael B. Mukasey and Secretary of State Condoleezza Rice to Texas Governor Rick Perry requesting that "Texas take the steps necessary to give effect to the *Avena* decision[.]"  (Docket Entry No. 21).

On July 16, 2008, the ICJ entered an order pursuant to a request by the government of Mexico.  The ICJ ordered "[t]he United States of America [to] take all measures necessary to ensure that . . . Medellín [and other Mexican nationals] are not executed pending judgement on the Request for interpretation submitted by the United Mexican States, unless and until these five Mexican nationals receive review and reconsideration consistent with" the *Avena* judgment.  *Request for Interpretation of the Judgment of 21 March 2004 in the Case Concerning Avena and Other Mexican Nationals* (Mexico v. Untied States of America), ___ I.C.J. ___ (July 16) (available at <http://www.icj-cij.org>).  Texas has indicated that it will not recognize any ICJ authority to stay Medellín's execution.

Respondent has filed a motion to dismiss.  (Docket Entry No. 16).  Respondent argues that Medellín has not received authorization to file a successive habeas petition as required by 28 U.S.C. § 2244(b), the Supreme Court has conclusively resolved the merits of the lawsuit, and his claims are procedurally barred.  This case is ripe for adjudication.

## ANALYSIS

Medellín's petition raised a single question: whether the President's directive obligated the

States to comply with the *Avena* judgment.  Medellín's most recent pleadings, however, ultimately argue that the Vienna Convention affords him relief from his conviction and sentence.  He also expresses hope that future legislative action or other developments may provide a forum for renewed consideration of his Vienna Convention claim.  None of Medellín's arguments provide a basis for federal habeas relief.

Because Medellín has already once sought federal habeas review, his action presumptively falls under the AEDPA's limitation on successive habeas petitions.  The AEDPA prevents this Court from considering the merits of any successive habeas petition without prior authorization from the Fifth Circuit.  *See* 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996).  "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit."  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).  Medellín presented the core of his recent complaint – that the State of Texas violated his Vienna Convention rights – in his initial habeas action.  His renewal of that complaint falls squarely under the AEDPA's prohibition on successive petitions.  To the extent that Medellín only seeks to raise an issue he presented first on direct appeal – the application of the Vienna Convention to his arrest and trial – his petition is successive and he must receive permission before proceeding with those arguments in district court.

Medellín seeks refuge from the AEDPA's successive petition provisions by arguing that the emergence of the *Avena* case and the President's memorandum after he filed his initial habeas petition insulate his current action from procedural limitations.  Relying on cases wherein the Fifth Circuit has found that "a prisoner's application is not second or successive simply because it follows

an earlier federal petition," *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003), Medellín argues that he could not have raised the current issues before this proceeding.

Notwithstanding the fact that some cases are exempt from the successive-petition provision, Medellín's current action still falls squarely within the core of claims that the AEDPA intended to exclude.  "[A] later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Cain*, 137 F.3d at 235.[1]  The Fifth Circuit already considered the effect of the *Avena* judgment in his initial petition, *see Medellín*, 371 F.3d at 279-80, thus barring future review.  While Medellín could not have relied on the Presidential memorandum in his initial petition, the Supreme Court's recent treatment of his case precludes federal habeas review.  The Supreme Court unambiguously held that the *Avena* judgment and the Vienna Convention are not binding, directly enforceable law in the nation's domestic courts.[2]  Concomitantly, the Supreme

---

[1]     The AEDPA generally places the question of whether a petition is successive in the circuit courts. *See* 28 U.S.C. § 2244(b)(2). Judicial economy, however, allows this Court to review threshold questions of mootness and ripeness while deciding that Medellín must receive permission from the circuit court before litigating his successive petition.

[2]     Medellín argues that the recent Supreme Court treatment of his claim does not conclusively preclude relief. Medellín focuses on one statement from the majority opinion: "No one disputes that the *Avena* decision – a decision that flows from the treaties through which the United States submitted to ICJ jurisdiction with respect to Vienna Convention disputes – constitutes an international law obligation on the part of the United States." *Medellín v. Texas*, ___ U.S. ___, 128 S. Ct. 1346 (2008).  Medellín, however, fails to mention the language that follows: "[n]ot all *international* law obligations automatically constitute binding federal law enforceable in United States courts.  The question we confront here is whether the *Avena* judgment has automatic *domestic* legal effect such that the judgment of its own force applies in state and federal courts." *Id.*  The Supreme Court unquestionably "conclu[ded] that *Avena* does not by itself constitute binding federal law[.]" *Id.* at 1363.

6

Court found that the President's memorandum did not force the state courts to give effect to the *Avena* judgment or the Vienna Convention. *Id.* at 1372. Thus, 28 U.S.C. § 2244(c) – the habeas "law of the case" statute – requires that this Court give full effect to the Supreme Court's recent decision. The claims Medellín raises in his recent petition are moot and thus it is an abuse of the writ for him to re-urge them in the instant petition. *See McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (finding that the abuse-of-the-writ doctrine "impose[s] on petitioners a burden of reasonable compliance with procedures designed to discourage baseless claims and to keep the system open for valid ones").

Medellín speculates that future political or legislative action may force Texas to forego executing his otherwise-valid sentence. Medellín particularly hopes that state or federal legislation will require States to give full effect to the Vienna Convention. Medellín's reliance on that speculation as a ground for relief is unhelpful. Furthermore, the ICJ's most recent order does not itself create an actionable constitutional ground for habeas relief. As the Supreme Court has noted, "[n]othing in the structure or purpose of the ICJ suggests that its interpretations were intended to be conclusive on our courts." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 354 (2006).

Medellín does not present a judicable controversy and his instant petition falls within the AEDPA's successive petition limitations. If the Court could reach the substance of his complaints, Medellín's petition does not present a cognizable ground for habeas review or relief. Accordingly, the Court likewise lacks jurisdiction to stay Medellín's execution or other legal proceedings. *See Kutzner v. Cockrell*, 303 F.3d 333, 338 (5th Cir. 2002); *Martinez v. Texas Court of Criminal Appeals*, 292 F.3d 417, 423 (5th Cir. 2002).

Medellín must receive a COA before the Fifth Circuit can review the dismissal of this action.

This Court finds that Medellín has not met the standards set out in 28 U.S.C. § 2253(c).  The Court will not certify any issue for appellate review.

## CONCLUSION

The Court **GRANTS** Respondent's motion to dismiss.  The Court **DENIES** Medellín's request for a stay and all other outstanding motions.  The Court will not issue a Certificate of Appealability.  The Court **DISMISSES** this action **WITHOUT PREJUDICE**.

**SIGNED** this 22nd day of July, 2008.


_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE